UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY HERNANDEZ, et. al., | No. 2:23-cv-02965-DAD-SCR |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION FOR APPROVAL OF ALTERNATIVE SERVICE METHOD, WITHOUT PREJUDICE |
| BALLAJ, *doing business as* KLARITY KRATOM, | |
| | (Doc. No. 11) |
| Defendant. | |

This matter is before the court on plaintiff Cody Hernandez's *ex parte* motion for an order authorizing service of defendant Ballaj by email to Ramond Takhsh, an attorney who represents Ballaj in an unrelated matter pending before a different court. (Doc. No. 11.) On August 8, 2024, plaintiff's motion was taken under submission on the papers. (Doc. No. 12.) For the reasons set forth below, plaintiff's motion will be denied, without prejudice.

**BACKGROUND**

On December 19, 2023, plaintiffs filed a complaint initiating this putative class action against defendant Ballaj, a California corporation, bringing state law claims under California's Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq.*; California Civil Code §§ 1750, *et seq.*; California's False Advertising Law, California Business and Professions Code §§ 17500, *et seq.*; and claims of breach of implied warranty, unjust enrichment, fraud by omission, and negligent misrepresentation. (Doc. No. 1 at ¶¶ 7, 96–166.)  On December

1

1   20, 2023, the court issued a summons as to defendant Ballaj.  (Doc. No. 2.)

2         Plaintiffs' counsel began attempting service on defendant Ballaj on December 26, 2023.
3   (Doc. No. 5 at 2.)  On April 9, 2024, plaintiffs' counsel filed a case management statement stating
4   they had attempted personal service on five different occasions (December 26, 2023; January 8,
5   2024; January 10, 2024; January 11, 2024; March 21, 2024) and had completed substituted
6   service on January 18, 2024.  (*Id.*)  On January 19, 2024, plaintiffs filed a returned executed
7   summons, reflecting that the person served was Nadeem Ballaj, the agent for service of process
8   for the party served: Ballaj d/b/a Klarity Kratom.  (Doc. No. 4.)  Specifically, the proof of service
9   attached to the returned summons executed reflects service by "[leaving the documents] on office
10  floor in the presence of Isieu Doe, office manager" at 12508 Center Street, South Gate,
11  California, 90280; and by mailing copies of the complaint and summons to that address.  (*Id.*)
12  Nonetheless, defendant Ballaj did not appear in this action.  According to plaintiff, the address
13  listed on the California Secretary of State's website is outdated since that property appears to be
14  vacant, so plaintiff purportedly effected service at the Center Street address, which is the address
15  listed on defendant's website KlarityKratom.com.  (Doc. No. 5 at 2.)

16        Plaintiffs filed a further case management statement on July 9, 2024, stating that they had
17  made 17 separate attempts to serve defendant Ballaj.  (Doc. No. 8 at 2.)  These 11 additional
18  service attempts began on March 29, 2024 with attempted personal service at defendant's place of
19  business.  (Doc. No. 11 at 5.)  This was followed by three personal service attempts at an address
20  believed to be the residence of Nadeem Ballaj, defendant Ballaj's sole officer, on April 4, 5, and
21  7, 2024.  (Doc. No. 11-1 at 77–78.)  These personal service attempts purportedly involved the
22  server waiting for multiple hours at the address.  (*Id.*)  This was followed by five personal service
23  attempts on April 9, 10, 11, 14, and 15, 2024, at a different residence believed to belong to Mr.
24  Ballaj.  (*Id.*)  During one of these attempts, the server saw a car which was registered to Mr.
25  Ballaj in the driveway of the residence.  (*Id.*)  Substituted service was then performed on April 16
26  on an occupant of that residence and completed by mail the following day on April 17, 2024.  (*Id.*
27  at 79.)  Defendant Ballaj has not appeared in this action following these service attempts.  (Doc.
28  No. 11 at 3.)

1    Plaintiff also has identified Ramond Takhsh as defendant's counsel in an unrelated matter. (Doc. No. 11 at 4); *see Juarez v. Ballaj*, No. 20-ST-CV-38388 (L.A. Cnty. Sup. Ct. 2020). Plaintiff contacted attorney Takhsh multiple times, and he responded on May 20, 2024 that he could accept service on behalf of defendant in this action. (Doc. No. 11 at 4.) On May 29, 2024, plaintiff emailed a copy of the summons and complaint and a waiver of service form to attorney Takhsh. (*Id.*) On July 1, 2024, attorney Takhsh called plaintiffs' counsel, informing them that he was not representing defendant in the matter before this court and that he was not authorized to accept service on behalf of defendant. (*Id.*) Attorney Takhsh did not indicate when his authorization to accept service was revoked. (Doc. No. 11-1 at 7.)

On August 7, 2024, plaintiff filed this *ex parte* motion to request an order authorizing alternative service upon defendant pursuant to Federal Rule of Civil Procedure 4(f)(3) by emailing the summons and complaint to attorney Takhsh. (Doc. No. 11.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 4(h)(2) allows for service on a corporation "at a place not within any judicial district of the United States" in the manner prescribed by Rule 4(f). Fed. R. Civ. P. 4(h)(2). In turn, Rule 4(f)(3) allows a plaintiff to serve process by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Federal Rule of Civil Procedure Rule 4(h)(1)(A) allows for service on a corporation "in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). In turn, Rule 4(e)(1) allows a plaintiff to serve process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; . . . ." Fed. R. Civ. P. 4(e)(1). Federal Rule of Civil Procedure 4(h)(1)(B) allows for service on a corporation by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h)(1)(B).

/////

3

As for state law in the district where this court is located, California Code of Civil Procedure §§ 415.10, 415.20, 415.30, and 415.50 provide the rules for personal service, substitute service, service by mail, and service by publication, whereas §§ 416.10 and 416.20 provide the rules governing service on a corporation. In addition to delivery to a designated agent, § 416.10 provides that a summons may be served on a corporation "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). California Code of Civil Procedure § 413.30 provides that, where no other law provides for the service of summons, the court may allow service in a manner "which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30.

**ANALYSIS**

As a preliminary matter, because plaintiffs are seeking to serve a corporate defendant within a judicial district of the United States, service must be completed pursuant to Federal Rule of Civil Procedure 4(h)(1), not Rule 4(f)(3), which provides for service outside of the United States. Notably here, the addresses at which plaintiffs have attempted service are all located in California, not outside the United States. (*See* Doc. No. 11 at 5–6.) Thus, Rule 4(f)(3)—the provision invoked by plaintiffs in their motion—simply does not apply. The court will therefore analyze plaintiffs' request by applying Rule 4(h)(1).

In the pending motion, plaintiffs seek to serve defendant by emailing the summons and complaint to defendant's counsel in an unrelated state court action because their repeated attempts to serve defendant otherwise have been unsuccessful. (Doc. No. 11.) Having reviewed plaintiff's supporting documentation, the court finds that plaintiffs have demonstrated that they have made reasonably diligent efforts to provide personal service to defendant's sole officer, Mr. Ballaj, and have been unable to effect service. In particular, after plaintiffs concluded that the address provided for defendant's agent for service of process is outdated (apparently a vacant property), (Doc. No. 5 at 2), plaintiffs then attempted follow-up service at other known addresses for Mr.

4

Ballaj, both through substituted service and through personal delivery. (Doc. No. 11 at 5–6.) Counsel for plaintiff has provided a declaration with exhibits detailing the activities of service processers that they had hired and of their communication with defendant's counsel in the unrelated state court action regarding service. (Doc. No. 11-1 at 2–3.) In light of the alleged incorrect address for defendant and the manifest difficulty of the service processers in effectuating service, the court finds that the summons and complaint cannot be served, despite the exercise of reasonable diligence, on defendant's designated agent by personal service, substitute service, or service by mail with acknowledgment of receipt in the manner provided in California Code of Civil Procedure §§ 415.10, 415.20(a), 415.30(a). Nor can service be effected on the defendant corporation in the manner provided in California Code of Civil Procedure § 416.10(a), which authorizes service on the "person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a).

However, there are other provisions of California law that provide for service of the summons and complaint on a defendant under these circumstances. California Code of Civil Procedure § 415.50(a) allows for service by publication if the party to be served cannot "with reasonable diligence be served in another manner" and that "a cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a). Moreover, California Corporations Code § 1702(a) provides another alternative means of service by permitting an application for a court order that service be made by hand delivery of the summons and complaint to the California Secretary of State:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each

>    defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a).  In light of these provisions, the court cannot grant plaintiffs' request that they be allowed to serve defendant by emailing counsel who is representing defendant Ballaj in an unrelated state court action based on § 413.30.  This is because plaintiff has failed to show that there are no other provisions which will allow service to be reasonably effected.  *See, e.g., Federal Ins. Co. v. Caldera Medical, Inc.*, No. 2:15-cv-00393-SVW-PJW, 2015 WL 12655601, at *2–3 (C.D. Cal. 2015).

## CONCLUSION

For the reasons explained above, plaintiff's *ex parte* motion to serve defendant by serving defendant's counsel (Doc. No. 11) is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **September 20, 2024**

                    /s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE